[Cite as *State v. Ingersoll*, 2013-Ohio-4135.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13-COA-003 |
| | : | |
| AXEL R. INGERSOLL | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Ashland Municipal
                             Court, Case No. 12-CR-B-01124


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      September 9, 2013


APPEARANCES:

For Plaintiff-Appellee:                  For Defendant-Appellant:

DAVID M. HUNTER                          MATTHEW J. MALONE
ASSISTANT LAW DIRECTOR                   11 ½ East 2nd St.
Ashland Law Director's Office            Ashland, OH 44805
1213 East Main St.
Ashland, OH 44805

*Delaney, J.*

{¶1} Appellant Axel R. Ingersoll appeals from the January 13, 2013 Judgment Order of the Ashland Municipal Court. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} This case arose on September 20, 2012, around 10:00 p.m. when officers of the Ashland City Police Department reported to a disturbance involving a large group of juveniles at Miller Motors at the intersection of East Main Street and Walnut Street. Present were appellant, an adult, and his sister F.I., a juvenile, among a group of about twenty people. The police told everyone to leave but noticed individuals continued to argue with each other and so continued to patrol the area so that their continued presence might deter further issues. Most of the crowd dispersed westbound on Main Street.

{¶3} Officer Lee Eggeman drove slowly down Main Street and turned onto East Washington Street. He was then flagged down by a man and woman who told him they saw a man with a gun up the street, and pointed westbound. They described the man with a gun as a black male wearing a white undershirt and dark pants.

{¶4} Eggeman radioed the information to other officers and proceeded westbound on Washington. He observed a man matching the given description on the porch at 306 East Washington Street, appellant's residence: a black male wearing a white undershirt and dark jeans, later identified as Malcolm Evege. Also present on the porch were appellant and his sister, F.I. Several juveniles also stood along the street and sidewalk.

{¶5} Eggeman exited his cruiser and gave verbal commands to the three people on the porch to show their hands and get down on the ground. At first no one complied and Eggeman drew his firearm. He continued to shout, "Show me your hands and get down." Appellant put his hands up, but the black male and F.I. ran inside the house.

{¶6} By this point Sgt. Garrison had arrived on the scene and he pursued the two to the door of the house, trying to get to the door before it closed. Eggeman holstered his firearm and went to follow Garrison but was unable to do so because appellant stood at the top of the porch steps with his hands up. Appellant stated, "You guys can't come up here."

{¶7} Eggeman told appellant to move out of the way and appellant repeated "You guys can't come up here." Eggeman grabbed appellant, pulled him off the porch, placed him on the ground, and told him to stay there. Eggeman then assisted Garrison, who entered the house and was subsequently assaulted by F.I.

{¶8} Appellant and a defense witness testified at trial that appellant complied with Eggeman's orders and stepped off the porch, or was attempting to do so, with his hands up when Eggeman pulled him off the porch. Appellant denied telling officers they couldn't enter the house and denied making any move to block them from coming up onto the porch.

{¶9} Appellant was charged with one count of obstructing official business, a misdemeanor of the second degree [R.C. 2921.31], and one count of disorderly conduct, a misdemeanor of the fourth degree [R.C. 2917.11(A)(1)]. Appellant entered pleas of not guilty and the case proceeded to trial by jury. Appellant moved for a

judgment of acquittal pursuant to Crim.R. 29(A) at the close of appellee's evidence, and the trial court granted the motion with respect to the count of disorderly conduct. Appellant was then found guilty of the remaining count of obstructing official business and sentenced to a jail term of 30 days with 25 days suspended.

{¶10} Appellant now appeals from the judgment entry of conviction and sentence.

{¶11} Appellant raises one assignment of error:

## ASSIGNMENT OF ERROR

{¶12} "I.   DEFENDANT/APPELLANT'S CONVICTION FOR OBSTRUCTING OFFICIAL BUSINESS, IN VIOLATION OF OHIO REVISED CODE SECTION 2921.31, A MISDEMEANOR OF THE SECOND DEGREE, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

## ANALYSIS

{¶13} In his sole assignment of error, appellant asserts his conviction for obstructing official business is against the manifest weight of the evidence.   We disagree.

{¶14} Appellant was convicted of one count of obstructing official business pursuant to R.C. 2921.31(A), which states, "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."

{¶15} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing

the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶16} Appellant's argument that his conviction is against the manifest weight of the evidence is premised upon the "significant inconsistencies in the testimony" between Eggeman, Garrison, and appellant. It is axiomatic, however, that the weight of the evidence and the credibility of the witnesses are determined by the trier of fact. *State v. Yarbrough*, 95 Ohio St.3d 227, 231, 2002-Ohio-2126, 767 N.E.2d 216. Garrison testified he was focused on the subject believed to have a weapon (Evege), and wasn't paying close attention to what appellant was doing, and appellant's testimony was self-serving. Assuming the jury gave greater weight to Eggeman's testimony is not evidence the jury lost its way.

{¶17} Appellant further argues there is no evidence he committed an affirmative act which prevented, obstructed, or delayed the officers in their investigation. We disagree. Eggeman testified specifically to this point: he was prevented from going up onto the porch by appellant standing at the top of the stairs (T. 42); appellant actively hindered and impeded Eggeman's ability to get onto the porch and assist Garrison. (T. 37-40).

{¶18} Finally, appellant argues he did not intend to deny officers access to the porch or house but was merely "confused" by events that night. Again, the jury was free to assign whatever weight it chose to this testimony by appellant.

{¶19} We find appellant's conviction upon one count of obstructing official business is not against the manifest weight of the evidence and appellant's sole assignment of error is therefore overruled.

**CONCLUSION**

{¶20} The judgment of the Ashland Municipal Court is hereby affirmed.

By: Delaney, J. and

Farmer, P.J.

Wise, J., concur.

HON. PATRICIA A. DELANEY

HON. SHEILA G. FARMER

HON. JOHN W. WISE